------------------------------------------------X

DEREK J. LOCKLEAR,

                  Plaintiff,

-against-

JOHN POTTER, Postmaster General,
United States Postal Service (Agency),

                  Defendant.

**MEMORANDUM AND ORDER**
06-CV-3269 (ARR)

------------------------------------------------X

ROSS, United States District Judge:

    Plaintiff, Derek J. Locklear, brings this action against defendant alleging violations of Title VII of the Civil Rights Act of 1964. Plaintiff seeks to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff is directed to pay the statutory filing fee of $350 within ten (10) days of the date of this Order in order to proceed with this action.

    The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004); Hobbs v. County of Westchester, et al., No. 00 Civ. 8170 (JSM), 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs, 2002 WL 868269, at *2 (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question

of whether a plaintiff qualifies for IFP status is within the discretion of the district court. Choi v. Chemical Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

The financial declaration form that plaintiff has submitted does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff's financial declaration alleges that he is presently employed by the United States Postal Service with a monthly salary of $2,000 "after all deductions." Plaintiff also alleges that in the past twelve months he has received a tax refund of $6,000 and currently has $4,500 in a checking account. For expenses, plaintiff alleges that he pays $550 per month in support and $800 per month for rent or a mortgage. Plaintiff's declaration establishes that he has sufficient resources to pay the $350 filing fee to commence this action, and his request to proceed IFP is therefore denied.

Accordingly, plaintiff must pay the $350 filing fee within ten (10) days of the date of this Order in order to proceed further. No summons shall issue at this time and all further proceedings shall be stayed for ten (10) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: July 13, 2005
Brooklyn, New York